## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN
## NORTHERN DIVISION

Blong Yang, )
)
)
Jay Schroeder, )
)
)
Paul Martin Driftmier, Sr., )        Case No. 1:20-CV-760
)
)
Angela Ray Haug, )
)
)
Kelly Lynn McElwain, )
)
)
Rev. Daniel Jay Quakkelaar, )
)
)
Madison Marie Elmer, )
)
)
Eric Thomas Skelton, )
)
)
Sandra K. Morris, )
)
)
Cindy Werner )
)
)
Alexandra Carney Schweitzer, )
)

Jestin Korleski,                                        )
                                                         )
                                                         )
Jaime Lynn Westcomb,                                     )
                                                         )
                                                         )
Jenny Leigh Turkelson,                                   )
                                                         )
                                                         )
Anna Alethia Manning,                                    )
                                                         )
                                                         )
Thomas Wulf,                                             )
                                                         )
                                                         )
and                                                      )
                                                         )
                                                         )
Lenae Lenore Gilbertson,                                 )
                                                         )
                                                         )
Plaintiffs                                               )
                                                         )
v.                                                       )
                                                         )
Susan Powers,                                            )
individually and in her capacity as                      )
Door County Health Officer,                              )
                                                         )
                                                         )
Mary Dorn,                                               )
individually and in her capacity as                      )
Outagamie County Public Health Officer,                  )
                                                         )
                                                         )
Douglas Gieryn,                                          )
individually and in his capacity as                      )
Winnebago County Health Officer,                         )

2

)
)
Kurt Eggebrecht,                                    )
individually and in his capacity as                )
City of Appleton Health Officer,                   )
)
)
Greg Peterson,                                      )
in his capacity as Chief of the Town               )
of Grand Chute Police Department,                  )
)
)
Daniel Blackdeer,                                   )
in his capacity as the Deputy Chief of the         )
Wisconsin State Capitol Police,                    )
)
)
Janel Heinrich,                                     )
individually and in her capacity as                )
Public Health Officer of Madison                   )
and Dane County,                                   )
)
)
Marie-Noel Sandoval,                               )
individually and in her capacity as                )
Rock County Health Officer,                        )
)
)
RoAnn Warden,                                      )
individually and in her capacity as                )
Green County Public Health Officer,                )
)
)
Dottie-Kay Bowersox,                               )
individually and in her capacity as                )
City of Racine Public Health Director,             )
)

3

Jeanette Kowalik,                                )
individually and in her capacity as              )
City of Milwaukee                                )
Commissioner of Health,                          )
                                                 )
                                                 )
Sanjib Bhattacharyya,                            )
individually and in the capacity of              )
City of Milwaukee Special Deputy                 )
Health Commissioner,                             )
                                                 )
                                                 )
Anthony S. Evers,                                )
individually and in his capacity as              )
Governor of the State of Wisconsin,              )
                                                 )
                                                 )
Andrea Palm,                                     )
individually and in her capacity as the          )
Secretary (designee) of the                      )
Wisconsin Department of Health Services,         )
                                                 )
                                                 )
and                                              )
                                                 )
Marge Bostelmann, Julie M. Glancey,              )
Ann S. Jacobs, Dean Knudson,                     )
Robert F. Spindell, Jr.,                         )
Mark L. Thomsen, and Meagan Wolfe,               )
as Commissioners and Administrator               )
of the Wisconsin Elections Commission,           )
                                                 )
                                                 )
Defendants.                                      )
_____

**COMPLAINT FOR DECLARATORY RELIEF, TEMPORARY RESTRAINING ORDER,
PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, AND DAMAGES**

4

PLAINTIFFS Blong Yang, Jay Schroeder, Paul Martin Driftmier, Sr., Angela Ray Haug, Kelly Lynn McElwain, Rev. Daniel Jay Quakkelaar, Madison Marie Elmer, Eric Thomas Skelton, Sandra K. Morris, Cindy Werner, Alexandra Carney Schweitzer, Jestin Korleski, Jaime Lynn Westcomb, Jenny Leigh Turkelson, Anna Alethia Manning, Thomas Wulf, and Lenae Lenore Gilbertson, now sue

DEFENDANTS Susan Powers, individually and in her capacity as Door County Health Officer; Mary Dorn, individually and in her capacity as Outagamie County Public Health Officer; Douglas Gieryn, individually and in his capacity as Winnebago County Health Officer; Kurt Eggebrecht, individually and in his capacity as City of Appleton Health Officer; Greg Peterson, in his capacity as Chief of the Town of Grand Chute Police Department; Janel Heinrich, individually and in her capacity as Public Health Officer of Madison and Dane County; Daniel Blackdeer, in his capacity as the Deputy Chief of the Wisconsin State Capitol Police; Marie-Noel Sandoval, individually and in her capacity as Rock County Health Officer; RoAnn Warden, individually and in her capacity as Green County Public Health Officer; Dottie-Kay Bowersox, City of Racine Public Health Director; Jeanette Kowalik, individually and in her capacity as City of Milwaukee Commissioner of Health; Sanjib Bhattacharyya, Individually and in the capacity of City of Milwaukee Special Deputy Health Commissioner; Anthony S. Evers, individually and in his official capacity as Governor of the State of Wisconsin; Andrea Palm, individually and in her official capacity as the Secretary (designee) of the Wisconsin Department of Health Services; and Marge Bostelmann, Julie M. Glancey, Ann S. Jacobs, Dean Knudson, Robert F. Spindell, Jr., Mark L. Thomsen, and Meagan Wolfe, as Commissioners and the Administrator of the Wisconsin Elections Commission.

The Wisconsin Supreme Court has authoritatively determined that the "Stay at Home" Order of Defendant Palm, known as Emergency Order 28, is invalid. The court also has determined that COVID-19 merits a statewide response, but has now passed the point of "emergency" under Wisconsin law. Despite this, the Local Defendants have issued new "Emergency" Orders that are likewise invalid.

This lawsuit asks the court to enjoin the Local Defendants from enforcing the Local Orders. The Local Orders unlawfully interfere with Plaintiffs' rights to work and to worship, to gather and assemble, in violation of their Federal Constitutional Rights.

## PARTIES

1. Plaintiff Blong Yang resides at 3218 E Sableridge Drive, Appleton, Wisconsin 54913, in Outagamie County. His business, Eggrolls Inc., is at 1015 Mutual Way, Appleton, Wisconsin, 54913, in Outagamie county.

2. Plaintiff Jay Schroeder resides at 1295 N. Lake Street, Neenah WI 54956, in Winnebago County. Mr. Shroeder is registered with the Wisconsin Elections Commission in anticipation of the August 11, 2020 primary election as a candidate for the 55th Wisconsin State Assembly District representing the Town-City of Neenah, Village of Fox Crossing, Partial Towns of Clayton, Dale, Greenville, Grand Chute, and parts of the City of Appleton.

3. Plaintiff Madison Marie Elmer resides at N520 Prairie View Road, Walworth, WI 53184, in Walworth County. Ms. Elmer was the organizer of a freedom rally on April 24, 2020 at the State Capitol in Madison, Wisconsin.

4. Plaintiff Paul Martin Driftmier, Sr. resides at 7910 Dairy Ridge Rd., Verona, Wisconsin 53593, in Dane County. Mr. Driftmier runs his own businesses.

5. Plaintiff Angela Ray Haug resides at 6667 Fairway Circle, Windsor WI 53598, in Dane County. She runs Hair Inspirations Salon and Spa LLC in Windsor.

6. Plaintiff Kelly Lynn McElwain resides at 2347 Effingham Way Sun Prairie, WI 53590, in Dane County. She is a salon stylist and does business in Monona, Wisconsin, also in Dane County.

7. Plaintiff Rev. Daniel Jay Quakkelaar resides at 4131 N 19th St, Milwaukee, WI 53209, in Milwaukee County. Rev. Quakkelaar is the pastor of Friend of Sinners Mission Church, 3033 N 30th St, Milwaukee WI 53210, Milwaukee County.

8. Plaintiff Eric Thomas Skelton resides at  W5841 Old Argyle Rd., Monroe, Wisconsin 53566, in Green County.

9. Plaintiff Sandra K. Morris resides at 908 Belmont Avenue, Racine, Wisconsin 53405, in Racine County.

10. Plaintiff Alexandra Carney Schweitzer resides at W356 N6665 East Stonewood Drive, Oconomowoc, in Waukesha County. She runs her own business.

11. Plaintiff Jestin Korleski resides at 1901 Church Street, Beloit, Wisconsin 53511, in Rock County. He is a professional musician.

12. Plaintiff Lenae Lenore Gilbertson resides at 2270 Staborn Drive, Beloit, Wisconsin 53511, in Rock County.

13. Plaintiff Jaime Lynn Westcomb resides at 825 N Garfield Ave, Janesville, WI 53545, in Rock County.

14. Plaintiff Jenny Leigh Turkelson resides at N3909 Park Rd., Brodhead, Wisconsin 53520 in Green County.

15. Plaintiff Anna Alethia Manning resides at 2161 Effingham Way, Sun Prairie, WI 53590, in Dane County. She conducts business at a studio in Waunakee, Wisconsin, also in Dane County.

16. Plaintiff Thomas Wulf resides at 1127 Cove Road, Sturgeon Bay, WI 54235, in Door County.

17. Plaintiff Cindy Werner resides at 8809 W. Tripoli Avenue, Milwaukee, WI 53228, in Milwaukee County. She intends to run for federal office for the 4th U.S. Congressional District, representing areas of the City of Milwaukee.

18. Defendant Susan Powers is the Door County Health Officer. Her address is 421 Nebraska St, Sturgeon Bay, WI 54235.

19. Defendant Mary Dorn is the Outagamie County Public Health Officer.  Her address is 320 S Walnut St, Appleton, WI 54911.

20. Defendant Douglas Gieryn is the Winnebago County Health Officer.  His address is 112 Otter Ave, Second Floor, Oshkosh, WI 54903.

21. Defendant Kurt Eggebrecht is the City of Appleton Health Officer. His address is 100 N Appleton St, Appleton, WI 54911.

22. Defendant Janel Heinrich is the Public Health Officer of Madison and Dane County. Her address is 210 Martin Luther King Jr Blvd #507, Madison, WI 53703.

23. Defendant Marie-Noel Sandoval is the Rock County Health Officer. Her address is 3328 US-51, Janesville, WI 53545.

24. Defendant RoAnn Warden is the Green County Public Health Officer. Her address is N3150 WI-81, Monroe, WI 53566.

25. Defendant Dottie-Kay Bowersox is the City of Racine Public Health Director. His address is 730 Washington Ave #1, Racine, WI 53403.

26. Defendant Jeanette Kowalik is the City of Milwaukee Commissioner of Health. Her address is at 841 N Broadway, Milwaukee, WI 53202.

27. Defendant Sanjib Bhattacharyya is the City of Milwaukee Special Deputy Health Commissioner, located at 841 N Broadway, Milwaukee, WI 53202.

28. Defendants Powers, Dorn, Gieryn, Eggebrecht, Heinrich, Sandoval, Warden, Bowersox, Kowalik and Bhattacharyya will be referred to throughout this Complaint as "the Local Defendants."

29. Defendant Greg Peterson is the Chief of the Town of Grand Chute Police Department. His address is 1900 W Grand Chute Blvd, Appleton, WI 54913.

30. Defendant Daniel Blackdeer is the Deputy Chief of the Wisconsin State Capitol Police. His address is 17 W Main St #301, Madison, WI 53702.

31. Defendant Anthony S. Evers is the governor of the State of Wisconsin. His address is 115 East Capitol Dr # 1, Madison, WI 53702.

32. Defendant Andrea Palm is the Secretary (designee) of the Wisconsin Department of Health Services. Her address is 1 West Wilson Street, Madison, WI 53703.

33. Defendants Marge Bostelmann, Julie M. Glancey, Ann S. Jacobs, Dean Knudson, Robert F. Spindell, Jr. and Mark L. Thomsen are the Commissioners of the Wisconsin Elections Commission, and Defendant Meagan Wolfe is the Administrator of that Commission. Their address is 212 East Washington Avenue, Third Floor, Madison, WI 53703.

## JURISDICTION AND VENUE

34. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

35. This action arises under the First and Fourteenth Amendments to the United States Constitution and is brought pursuant to 42 U.S.C. § 1983.

36. Venue is proper in this court pursuant to 28 U.S.C. §.1391(a) and (b)(1) because all defendants are residents of this state and at least one defendant resides in the Northern Division of this District. The Northern Division is appropriate as Outagamie, Winnebago and Door Counties are all located within its bounds.

37. This Court is authorized to grant declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201-02, implemented through Rule 57 of the Federal Rules of Civil Procedure and is authorized to grant a temporary restraining order and injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

38. This Court is authorized to grant Plaintiffs' prayer for relief regarding costs, including reasonable attorney's fees, pursuant to 42 U.S.C. § 1988.

## FACTUAL BACKGROUND

39. On April 16, 2020, Defendant Palm entered Emergency Order 28.

40. On May 13, 2020, Order 28 was held unlawful by the Wisconsin Supreme Court.

41. The Wisconsin Supreme Court ruled that Order 28 was unlawful and prohibited conduct that Defendant Palm had no authority to prohibit.

42. Subsequently, the Local Defendants entered new Local Orders which are substantially similar and in many instances use verbatim language regarding the activity prohibited and the people whose activities are declared "non-essential." Throughout this complaint these orders will be referred to collectively as "the Local Orders."

43. The Local Orders are substantially similar in scope to Order 28, and in some cases incorporate all or part of Order 28.

44. In some cases, Local Defendants have continued, modified, supplemented or rescinded the Local Orders.

45. In some cases, the Local Defendants have indicated an intention to reinstate or replace the Local Orders.

9

46. For example, Outagamie County entered a Local Order on May 14, 2020, but subsequently rescinded it.

47. The Outagamie County Executive wrote an undated letter to the Wisconsin Attorney General regarding the Local Orders. *See* Exhibit, Undated Letter from Outagamie County Executive to Attorney General Kaul.

48. A letter response to the Outagamie County Executive providing "guidance" was issued within approximately 24 hours, on May 15, 2020. *See* Exhibit, Wisconsin OAG, 03-20.

49. The May 15, 2020 letter opinion stated: "The foregoing observations provide immediate guidance in light of the pandemic. Because of the ***emergency*** circumstances, this opinion is not being released according to this office's ordinary process." *Id.* (emphasis added).

50. By equating the pandemic with the legal concept of "emergency," the May 15, 2020 letter opinion, and the actions it commends to the Local Defendants, runs contrary to the decision of the Wisconsin Supreme Court in *Wisconsin Legislature v. Palm*, 2020 WI 42.

51. The Wisconsin Supreme Court rejected the notion that Wisconsin law allows "emergency" powers and orders to continue for "month after month." The court held that while the government can act at the time of an emergency because there is no time for deliberation or debate, **"in the case of an ongoing pandemic, which lasts month after month," the government may not "rely on emergency powers indefinitely.**" *Id.*, ¶41. (emphasis added).

52. Despite the Wisconsin Supreme Court rejection of ongoing use of "emergency" powers, certain Local Orders continue to purport to address a state of "emergency," go on for "month after month," and have no end date.

53. The Wisconsin Supreme Court rejected Defendant Palm's attempt to "quarantine all individuals present within the State of Wisconsin by ordering them 'to stay at home or at their place of residence' with exceptions she deems appropriate." *Id.*, ¶ 28.

54. The Wisconsin Supreme Court rejected Defendant Palm's attempt to prohibit "all public and private gatherings of any number of people that are not part of a single household or living unit" because Defendant Palm has no power to issue any directive that "is not based on persons infected or suspected of being infected." *Id.*, ¶ 48.

55. The Wisconsin Supreme Court rejected Defendant Palm's attempt to use broadly worded provisions in the Wisconsin Statutes governing "Communicable Diseases" (Chapter 252) to justify the broad restrictions set forth in Order 28. *Id.*, ¶¶ 43, 45, 48, 49, 50.

56. The Wisconsin Supreme Court held that Defendant Palms' action was "without legal foundation and ignores more than 50 years of Wisconsin law"; constituted "obvious overreach" and amounted to a "vast seizure of power." *Id.*, ¶ 48.

57. The Wisconsin Supreme Court held that Defendant Palm's authority over "communicable diseases" must apply only to "those infected or suspected of being infected." Such authority does not extend to ordering all persons to stay home, preventing all forms of travel, or closing all businesses, except where deemed "essential." *Id.*, ¶¶ 49-50.

58. Despite the Wisconsin Supreme Court clear statement that the "communicable diseases" laws must only apply to "those infected or suspected of being infected," the Local Orders continue to purport to quarantine and limit those who are not "infected or suspected of being infected."

59. On May 13, 2020, the Wisconsin Supreme Court declared Order 28 invalid, for procedural reasons ***and*** because of the unlawful restrictions it placed on Wisconsin residents.

60. The Local Orders purport to continue under a state of "emergency" and reinstate the same unlawful restrictions put in place by Defendant Palm in Order 28.

61. Plaintiff Blong Yang runs a restaurant, Eggrolls Inc., in Appleton, in Outagamie County, Wisconsin. Through Order 28, Defendant Palm stripped him of his First Amendment Rights. Through the Local Orders, the Local Defendants continue to unlawfully violate his First Amendment Rights.

62. On May 13, 2020, an officer from the Grand Chute Police Department arrived at Eggrolls Inc., which is the place of business of plaintiff Blong Yang. The restaurant specializes in Hmong Eggrolls and was suffering as a result of Order 28.

63. Mr. Vang previously informed the Grand Chute Police Department, which has jurisdiction over the location, that he would open his restaurant for dining, despite the unlawful Order 28 issued by Defendant Palm.

64. The officer informed Mr. Yang that if he kept his business open for dining, he would face potential criminal charges, imprisonment, and the possible loss of his business

license. At this time, it is not known whether the claimed authority for this threat was Order 28 from Defendant Palm, or some other local order issued in Outagamie County.

65. At the very same time that Mr. Yang was threatened with imprisonment for opening his restaurant, the Defendants allowed the Walmart Store next to the restaurant to sell food touched by multiple people and handpicked prior to consumption. At the Walmart next to Mr. Yang's restaurant, customers were free to buy an apple, a pear, a cucumber, or a mango that was touched by countless and unknown other shoppers and employees. Nothing, other than a purchase, prevented the consumption of that food prior to home arrival.

66. Plaintiff Jay Schroeder resides in Neenah in Winnebago County.

67. On May 5, 2020, Mr. Shroeder sent his declaration of candidacy to the Wisconsin Elections Commission in anticipation of the August 11, 2020 primary election as a candidate for the 55th Wisconsin State Assembly District representing the Town-City of Neenah, Village of Fox Crossing, Partial Towns of Clayton, Dale, Greenville, Grand Chute, and parts of the City of Appleton. Mr. Schroeder has contacted the Wisconsin Elections Commission for assistance, given the fact that Defendant Palm's Order impaired the ability of all Wisconsin residents to gather signatures to get onto the ballot, and prevented all Wisconsin residents from engaging in in person political discourse with others to obtain their support in getting on the ballot. The Wisconsin Elections Commission took no action.

68. Plaintiff Madison Marie Elmer resides in Walworth, in Walworth County. Through Order 28, Defendant Palm stripped her of her First Amendment Rights. Through the Local Orders, the Local Defendants continue to unlawfully violate her First Amendment Rights.

69. Together with other Wisconsin residents, Ms. Elmer attempted to exercise her First Amendment right to peaceably assemble. She planned to gather on April 24, 2020 at the State Capitol in Madison and submitted a permit request on April 14, 2020.

70. Because of Defendant Palm's Order 28, the permit request was denied. The denial indicated that Defendant Palm's Order 28 prohibited the gathering, and threatened Ms. Elmer and anyone else who gathered with up to 30 days imprisonment.

71. Even after the Wisconsin Supreme Court declared unequivocally that the provisions of Order 28 are substantively invalid, Ms. Elmer remains prevented from gathering with other Wisconsin residents at the State Capitol. The local order from Defendant

Heinrich prevents the residents of Wisconsin's other 71 counties from entering into Dane County to assemble with their fellow citizens.

72. Plaintiff Paul Martin Driftmier, Sr. resides in Verona, in Dane County. He runs his own businesses. Through Order 28, Defendant Palm stripped him of his First Amendment Rights and damaged his business. Through the Local Orders, the Local Defendants are unlawfully violating his First Amendment Rights and damaging his business.

73. Plaintiff Angela Ray Haug resides in Windsor, in Dane County. She is a stylist with a salon in Dane County. Order 28 stripped her of her First Amendment Rights, and damaged her businesses. Through the Local Orders, the Local Defendants continue to violate her First Amendment Rights and damage her business.

74. Plaintiff Kelly Lynn McElwain resides in Sun Prairie, in Dane County. She is a stylist with a salon in Monona, also in Dane County. Order 28 stripped her of her First Amendment Rights, and damaged her businesses. Through the Local Orders, the Local Defendants continue to violate her First Amendment Rights and damage her business.

75. Plaintiff Rev. Daniel Jay Quakkelaar resides in the City of Milwaukee. He is the pastor of Friend of Sinners Mission Church. Order 28 stripped him of his First Amendment Rights. The Local Orders by the Local Defendants continue to do so.

76. Plaintiff Eric Thomas Skelton resides in Monroe, in Green County. He takes part in home worship gatherings with others who are not members of his household, which Order 28 barred him from doing. Order 28 stripped him of his First Amendment Rights. The Local Orders by the Local Defendants continue to do so.

77. Plaintiff Sandra K. Morris resides at 908 Belmont Avenue in Racine, in Racine County. Through Order 28, Defendant Palm stripped her of her First Amendment Rights. The Local Orders by the Local Defendants continue to do so.

78. Plaintiff Alexandra Carney Schweitzer resides in Oconomowoc, in Waukesha County. Through Order 28, Defendant Palm stripped her of her First Amendment Rights. The Local Orders by the Local Defendants continue to do so.

79. Plaintiff Jestin Korleski resides in Beloit, in Rock County. He is a musician. Order 28 shutdown all of the businesses at which he performed, damaging him. Through Order 28, Defendant Palm stripped him of his First Amendment Rights. The Local Orders by the Local Defendants continue to do so.

80. Plaintiff Lenae Lenore Gilbertson resides in Beloit, in Rock County. Through Order 28, Defendant Palm stripped her of her First Amendment Rights. The Local Orders by the Local Defendants continue to do so.

81. Plaintiff Jaime Lynn Westcomb resides in Janesville, in Rock County. Through Order 28, Defendant Palm stripped her of her First Amendment Rights. The Local Orders by the Local Defendants continue to do so.

82. Plaintiff Jenny Leigh Turkelson resides in Brodhead, in Green County. Through Order 28, Defendant Palm stripped her of her First Amendment Rights. The Local Orders by the Local Defendants continue to do so.

83. Plaintiff Anna Alethia Manning resides in Sun Prairie, in Dane County. She conducts business at a studio in Waunakee, Wisconsin, also in Dane County. Through Order 28, Defendant Palm stripped her of her First Amendment Rights. The Local Orders by the Local Defendants continue to do so.

84. Plaintiff Thomas Wulf resides in Sturgeon Bay in Door County. Through Order 28, Defendant Palm stripped him of his First Amendment Rights. The Local Orders by the Local Defendants continue to do so.

85. Plaintiff Cindy Werner resides at 8809 W. Tripoli Avenue, Milwaukee, WI 53228, in Milwaukee County. Through Order 28, Defendant Palm stripped her of her First Amendment Rights. Through the Local Orders, the Local Defendants continue to unlawfully violate her First Amendment Rights.

86. Plaintiff Werner intends to run for federal office for the 4th U.S. Congressional District, representing areas of the City of Milwaukee that are currently subject to a City of Milwaukee shutdown order. The shutdown orders have unlawfully impaired her ability to gather the required number of signatures to be placed on the ballot.

87. Contested primary elections are currently scheduled for August 11, 2020.

88. On June 1, 2020, a minimum required number of signatures to be placed on the ballot are required to be filed with the Wisconsin Elections Commission.

89. As of this date, Order 28 and the Local Orders have unlawfully prevented Plaintiffs Schroeder and Werner from gathering the required number of signatures for ballot access.

90. Order 28 and the Local Orders have placed a substantial burden on collection of signatures necessary for a candidate to be placed on the ballot in each of these districts.

91. Prior to Defendant Palm's Order 28, some of the plaintiffs attended organized church services; some exercised their religion by gathering in their homes with non-family members to pray or worship; some practiced no religion at all.

92. For those plaintiffs who wished to participate in religious gatherings -- whether organized or unorganized through one of the organizations "allowed" by Order 28 or by the Local Orders -- those Orders have prevented them from freely exercising their religion. This includes Plaintiffs Yang, Schroeder, Driftmier, Haug, Quakkelaar Skelton, Morris, Schweitzer, Korleski, Gilbertson, Westcomb, Turkelson, Werner and Wulf.

93. Order 28 and the Local Orders have allowed only organized religious entities to hold religious services. Private religious gatherings of non family members in a person's own home -- a prayer group, a Bible study, a Passover Meal, an Easter Celebration -- are outright prohibited.

94. Even those organizations that Defendant Palm and the Local Defendants will "allow" to hold a service are unable to do so in most cases. Order 28 and certain Local Orders unlawfully restrict the number of people who may gather together to exercise their religion. Worship services conducted by many organized religious entities involve more than the unlawful limitation just to conduct the service, nevermind any number of attendees. This is even more so true at this time when services are also being streamed live, requiring additional participants for audio and video production.

95. Order 28 violated, and the Local Orders continue to violate, Plaintiffss first amendment rights to freedom of assembly, freedom of speech, the right to petition the government for a redress of their grievances, and the equal protection of the laws.

96. By way of example, the Local Orders still prevent the rights of the Plaintiffs, and all of the other people of Wisconsin, to assemble at the State Capitol in Madison. Even after the Wisconsin Supreme Court invalidated the very order that was used to deny plaintiff Elmer a permit in April, the Local Orders still prohibit that same gathering.

97. By way of additional example, since the entry of Defendant Palm's Order 28, some of the Plaintiffs have wished to consider circulating recall petitions for either state or local office holders. Other plaintiffs do not have this desire.

98. For those that do, Order 28 and the Local Orders unlawfully prevent those individuals from doing so. This includes Plaintiffs Morris, McElwain, Gilbertson, Turkelson, Schweitzer, and Manning.

99. Order 28 and the Local Orders unlawfully prevent those Plaintiffs from traveling into another jurisdiction to exercise this right. For example, Plaintiffs who reside in a city or county that is not subject to a new local order are nonetheless prohibited from traveling to that city or county to collect signatures.

100.    The right to a proper recall is a constitutional right in the State of Wisconsin. *See* Wisconsin Constitution, Article XIII, Section 12. The Wisconsin Constitution provides that "no law shall be enacted to hamper, restrict or impair the right of recall." No state law, no state order and no local order can impair this right. *Id.*

101.    Wisconsin law requires the collection of a number of signatures equal to 25% of the number of voters in the prior relevant election in order to proceed.

102.    Wisconsin law requires that signatures be obtained in person. Signatures cannot be obtained electronically or remotely.

103.    Wisconsin law requires a strict period of 60 days within which to circulate petitions and obtain signatures for any such effort. This 60 day limitation, together with the Local Orders in place, effectively prevents any person from filing the papers necessary to begin any recall effort, because doing so would be impossible within the 60 day timeframe with the Local Orders in place. With Local Orders in place in various areas across the states, including two of the state's most populous areas (the City of Milwaukee, and Dane County), the Local Defendants have made it impossible to exercise the constitutional right to recall.

104.    Order 28 and the Local Orders have attempted to place Wisconsin state law above the Plaintiffs' federal constitutional rights, including federal constitutional rights to the free exercise of religion, the freedom of assembly, and the equal protection of the laws.

105.    Order 28 and the Local Orders have allowed residents to gather for similar non-religious and non-political purposes, including at large retailers such as Walmart and Home Depot, and at smaller retailers such as liquor stores and tobacco shops.

106.    By allowing other residents to gather for "allowed" purposes, while threatening imprisonment for the exercise of Plaintiffs' constitutional rights, Order 28 and the Local Orders are not narrowly tailored and do not use the least restrictive means to attend their ends.

**COUNT I — VIOLATION OF CIVIL RIGHTS UNDER SECTION 1983 BY DEFENDANT PALM AND BY THE LOCAL DEFENDANTS.**

107.    The Plaintiffs hereby reallege and adopt each and every allegation in the paragraphs above.

108.    Through Order 28 and the Local Orders, Defendants violated the Plaintiff's Civil Rights, including their rights to freely assemble and to freely exercise their religion under the First Amendment.

109.    Defendant Palm and the Local Defendants continue to attempt to restrict the Plaintiffs' constitutional rights.

110.    Order 28 and the Local Orders, on their face and as applied, infringe Plaintiffs federal constitutional rights.

111.    Order 28 and the Local Orders lack a compelling, legitimate, or rational interest in the Orders' application.

112.    Even if Order 28 and the Local Orders were supported by a compelling interest (and they are not), the Orders are not the least restrictive means to accomplish the purported interest.

113.    The Local Orders have been put in place, modified, supplemented, changed, or rescinded, still with the threat that they will be reinstated.

114.    The ongoing modification, supplementation, change, rescission, and reimplementation of the Local Orders have the effect of frustrating the opportunity for any plaintiff to obtain judicial review.

115.    As set forth above, the Local Orders unlawfully prohibit constitutionally protected activity by the Plaintiffs, including by Plaintiffs who do not reside in the area purportedly covered by the Local Order.

116. The Orders, on their face and as applied, have caused, are causing, and will continue to cause Plaintiffs immediate and irreparable harm, and actual and undue hardship.

117. Plaintiffs have no adequate remedy at law to correct the continuing deprivation of their liberties.

118. Plaintiffs seek an immediate, temporary injunction against the Local Orders and further permanent injunctive relief against the Orders.

**COUNT II — VIOLATION OF THE RIGHT TO FREE EXERCISE OF RELIGION UNDER THE FIRST AMENDMENT.**

119. The Plaintiffs hereby reallege and adopt each and every allegation in the paragraphs above.

120. The Free Exercise Clause of the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, prohibits the State from abridging Plaintiffs' rights to free exercise of religion.

121. Plaintiffs Yang, Schroeder, Driftmier, Haug, Quakkelaar Skelton, Morris, Schweitzer, Korleski, Gilbertson, Westcomb, Turkelson, Werner and Wulf hold sincere religious beliefs.

122. Order 28 and the Local Orders, on their face and as applied, have prohibited those Plaintiffs from the free exercise of their religions.

123. Order 28 and the Local Orders on their face and as applied, impermissibly burden those Plaintiffs' sincerely held religious beliefs, compel Plaintiffs to either change their beliefs or to act against them, and force Plaintiff to choose between the teachings and requirements of their sincerely held religious beliefs and the obedience of the Orders.

124. Order 28 and the Local Orders on their face and as applied, place Plaintiff in an irresolvable conflict between compliance with the Orders and her sincerely held religious beliefs.

125.    Order 28 and the Local Orders on their face and as applied, are neither neutral nor generally applicable, but rather specifically and discriminatorily target religious beliefs, speech, and assembly.

126.    Order 28 and the Local Orders, on their face and as applied, constitute a substantial burden on Plaintiffs' sincerely held religious beliefs.

127.    Defendants lack a compelling, legitimate, or rational interest in the Orders' application of different standards for churches and faith-based gatherings than those applicable to exempted businesses or non-religious entities.

128.    Even if the restriction on faith-based gatherings were supported by a compelling interest (and they are not), Order 28 and the Local Orders are not the least restrictive means to accomplish the purported interest.

129.    Order 28 and the Local Orders, on their face and as applied, specifically target Plaintiff's sincerely held religious beliefs and set up a system of individualized exemptions that permits certain entities to continue operations under certain guidelines while prohibiting other gatherings and organizations from operating with similar guidelines.

130.    Order 28 and the Local Orders,  on their face and as applied, have caused, are causing, and will continue to cause Plaintiffs immediate and irreparable harm, and actual and undue hardship.

131.    Plaintiffs have no adequate remedy at law to correct the continuing deprivation of their liberties.

132.    Plaintiffs seek an immediate, temporary injunction against the Orders so that she will be permitted to freely exercise their religion, to attend the church and worship services of their choice or to freely exercise their religion in their own home with others who are not members of their household, and further permanent injunctive relief against the Orders prohibition on the free exercise of religion.

**COUNT III — VIOLATION OF THE ESTABLISHMENT CLAUSE OF THE FIRST AMENDMENT**

133.    Plaintiffs hereby reallege and adopt each and every allegation in the paragraphs above.

134.    The Establishment Clause of the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, prohibits the government from establishing a religion.

135.    The Establishment Clause also prohibits excessive government entanglement with religion.

136.    The Establishment Clause also prohibits the government from showing hostility towards religion and prohibits showing favoritism towards one religious sect over another or between non-religion and religion.

137.    Order 28 and the Local Orders, on their face and as applied, permit the State to display impermissible hostility towards religious or faith-based gatherings.

138.    Order 28 and the Local Orders,, on their face and as applied, impermissibly show favoritism towards certain non-religious gatherings over religious or faith-based gatherings.

139.    Order 28 and the Local Orders, on their face and as applied, violate the Establishment Clause because they excessively entangle the government with religion.

140.    Order 28 and the Local Orders, on their face and as applied, have caused, are causing, and will continue to cause Plaintiffs immediate and irreparable harm, and actual and undue hardship.

141.    Plaintiffs have no adequate remedy at law to correct the continuing deprivation of their constitutional freedoms.

**COUNT IV — VIOLATION OF THE RIGHT TO FREEDOM OF ASSEMBLY UNDER THE FIRST AMENDMENT.**

142.     Plaintiffs hereby reallege and adopt each and every allegation in the paragraphs above.

143.     Order 28 and the Local Orders,make no allowance for public political activity, or for private religious activity.

144.     The First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, prohibits the State from abridging the right of the people peaceably to assemble.

145.     Order 28 and the Local Orders, on their face and as applied, are an unconstitutional prior restraint on Plaintiffs' right to assemble.

146.     Order 28 and the Local Orders, on their face and as applied, unconstitutionally discriminate on the basis of viewpoint.

147.     Order 28 and the Local Orders,on their face and as applied, unconstitutionally discriminate on the basis of content.

148.     Defendants lack a compelling, legitimate, or rational interest in the Orders' application.

149.     Order 28 and the Local Orders,, on their face and as applied, are not the least restrictive means to accomplish any permissible government purpose sought to be served by the Orders.

150.     Order 28 and the Local Orders,, on their face and as applied, are not narrowly tailored to serve the government's purported interest.

151.     Order 28 and the Local Orders, on their face and as applied, do not leave open adequate alternative channels of communication for Plaintiffs.

152.     Order 28 and the Local Orders, on their face and as applied, are irrational and unreasonable and impose unjustifiable and unreasonable restrictions on Plaintiffs' constitutionally protected right to assemble.

153.    Order 28 and the Local Orders, on their face and as applied, impermissibly vest unbridled discretion in the hands of government officials, including the Defendants, to apply or not apply the Orders in a manner to restrict free assembly.

154.    Order 28 and the Local Orders, on their face and as applied, are underinclusive by limiting their gathering prohibitions to only certain businesses or organizations deemed "essential."

155.    Order 28 and the Local Orders, on their face and as applied, are unconstitutionally vague and overbroad as they chill and abridge the free assembly rights of Plaintiffs.

156.    On their face and as applied, the Orders' violation of Plaintiffs' right to free assembly have caused, are causing, and will continue to cause Plaintiffs to suffer immediate and irreparable injury and undue and actual hardship.

157.    Plaintiffs have no other adequate remedy at law to correct the continuing deprivation of their liberties.

**COUNT V — VIOLATION OF THE RIGHT TO FREEDOM OF SPEECH UNDER THE FIRST AMENDMENT.**

158.    Plaintiffs hereby reallege and adopt each and every allegation in the paragraphs above.

159.    The Free Speech Clause of the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, prohibits the State from abridging Plaintiffs' freedom of speech.

160.    Order 28 and the Local Orders,, on their face and as applied, are an unconstitutional prior restraint on Plaintiffs' speech.

161.    Order 28 and the Local Orders, on their face and as applied, unconstitutionally discriminate on the basis of viewpoint.

162.    Order 28 and the Local Orders, on their face and as applied, unconstitutionally discriminate on the basis of content.

163.    Defendants lack a compelling, legitimate, or rational interest in the Orders' application of different standards for churches and faith-based gatherings than those applicable to exempted businesses and non-religious entities.

164.    Order 28 and the Local Orders, on their face and as applied, are not the least restrictive means to accomplish any permissible government purpose sought to be served by the Orders.

165.    Order 28 and the Local Orders, on their face and as applied, are not narrowly tailored to serve the government's purported interest.

166.    Order 28 and the Local Orders, on their face and as applied, do not leave open ample alternative channels of communication for Plaintiffs.

167.    Order 28 and the Local Orders, on their face and as applied, are irrational and unreasonable and impose unjustifiable and unreasonable restrictions on Plaintiffs' constitutionally protected speech.

168.    Order 28 and the Local Orders, on their face and as applied, impermissibly vest unbridled discretion in the hands of government officials, to apply or not apply the Orders in a manner to restrict free speech.

169.    Order 28 and the Local Orders, on their face and as applied, are underinclusive by limiting their prohibitions to only certain entities, organizations, or businesses deemed non-essential.

170.    Order 28 and the Local Orders, on their face and as applied, are unconstitutionally overbroad as they chill and abridge the free speech rights of Plaintiffs.

171.    On their face and as applied, the Orders' violation of Plaintiffs' rights to free speech have caused, are causing, and will continue to cause Plaintiffs to suffer immediate and irreparable injury and undue and actual hardship.

172.    Plaintiffs have no other adequate remedy at law to correct the continuing deprivation of liberties.

**COUNT VI — VIOLATION OF THE RIGHT TO EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT.**

173.     Plaintiffs hereby reallege and adopt each and every allegation in the paragraphs above.

174.     The Fourteenth Amendment to the United States Constitution guarantees Plaintiffs the right to equal protection under the law.

175.     Order 28 and the Local Orders, on their face and as applied, are an unconstitutional abridgement of Plaintiffs' right to equal protection under the law, are not neutral, and specifically target Plaintiffs and others for unequal treatment.

176.     Order 28 and the Local Orders, on their face and as applied, are an unconstitutional abridgment of Plaintiffs' right to equal protection because they treat Plaintiffs differently from other similarly situated on the basis of the content and viewpoint of Plaintiffs' gatherings.

177.     Order 28 and the Local Orders, on their face and as applied, impermissibly discriminate between certain non-religious gatherings and religious or faith-based gatherings.

178.     Defendants lack a compelling, legitimate, or rational interest in the Orders' application.

179.     Order 28 and the Local Orders, on their face and as applied, are not the least restrictive means to accomplish any permissible government purpose sought to be served.

180.     Order 28 and the Local Orders, on their face and as applied, are irrational and unjustifiable and impose irrational and unjustifiable restrictions.

181.     Order 28 and the Local Orders, on their face and as applied, have caused, are causing, and will continue to cause Plaintiffs immediate and irreparable harm, and actual and undue hardship.

182.     Plaintiffs have no adequate remedy at law to correct the continuing deprivation of their liberties.

WHEREFORE, Plaintiffs respectfully pray for the relief against the State as set forth in this prayer for relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

1. That the Court issue a Temporary Restraining Order restraining and enjoining the Defendants, and all other persons in active concert or participation with them, from enforcing, attempting to enforce, threatening to enforce, or otherwise requiring compliance with the Local Orders or any other order to the extent any such order prohibits Plaintiffs from exercising their constitutional rights as set forth above to the same extent the State allows so-called "essential" entities or people to do so.

2. That the Court issue a Preliminary Injunction pending trial, and a Permanent Injunction upon judgment, restraining and enjoining the Defendants, and all other persons in active concert or participation with them, from enforcing the Local Orders so that:

a. The Defendants, and all other persons in active concert or participation with them, will not apply the Local Orders in any manner as to infringe Plaintiffs' constitutional rights by discriminating against their right to assembly, speech, free exercise of religion, equal protection, to work or to worship and all other constitutional and statutory rights outlined herein;

b.  The Defendants, and all other persons in active concert or participation with them, will apply the Local Orders in a manner that treats Plaintiffs' on equal terms as so-called "essential" entities and persons;

c. The Defendants, and all other persons in active concert or participation with them, will cease threatening criminal prosecution, and filing any criminal charges based on violation of Order 28 or the Local Orders, to the extent the activity at issue is constitutionally protected as set forth in this lawsuit;

d. The Defendants, and all other persons in active concert or participation with them, will not bring any enforcement, criminal, licensing, or other actions against Plaintiffs, and will take positive action to ensure that the constitutional rights of the Plaintiffs as set forth in the action are protected and not infringed ;

3. That the Court render a Declaratory Judgment declaring that Order 28 and the Local Orders both on their face and as applied are unconstitutional under the United States Constitution, and further declaring that:

a. Defendants have violated Plaintiffs' civil rights within the meaning of section 1983;

b. Defendants have violated Plaintiffs' rights to freedom of speech;

c. Defendants have violated Plaintiffs' rights to free exercise of religion;

d. Defendants have violated Plaintiffs' rights to freedom of assembly;

e. Defendants have violated Plaintiffs' rights to equal protection of the laws by impermissibly prohibiting gatherings with political or religious purposes, by allowing so called "essential" organizations or persons to do what others similarly situated are not, and by applying criteria that treat those exercising first amendment freedoms in a discriminatory and dissimilar manner as to other gatherings;

f. Defendants have exceeded their "emergency" powers by continuing to issue "emergency" orders, contrary to the decision of the Wisconsin Supreme Court in *Wisconsin Legislature v. Palm, 2020 WI 42.*

4. That the Court award Plaintiffs damages for the violation of Plaintiffs' constitutional rights.

5. That the Court adjudge, decree, and declare the rights and other legal relations within the subject matter here in controversy so that such declaration shall have the full force and effect of final judgment.

6. That the Court retain jurisdiction over the matter for the purposes of enforcing the Court's order.

7. That the Court declare Plaintiffs are prevailing parties and award Plaintiffs the reasonable costs and expenses of this action, including a reasonable attorney's fee, in accordance with 42 U.S.C. § 1988.

8. That the Court grant such other and further relief as the Court deems equitable and just under the circumstances.

DATED this 20th day of May, 2020

and Respectfully submitted

s/ Joseph W. Voiland

Joseph W. Voiland
Veterans Liberty Law
519 Green Bay Road
Cedarburg, WI 53012
Phone: 262.343.5397

Attorney for Plaintiffs