

**STATE OF WISCONSIN
DEPARTMENT OF JUSTICE**

Josh Kaul
Attorney General

114 East, State Capitol
P.O. Box 7857
Madison, WI 53707-7857
608/266-1221
TTY 1-800-947-3529

May 15, 2020

OAG–03–20

Mr. Thomas Nelson
Outagamie County Executive
410 South Walnut Street
Appleton, Wisconsin 54911

Dear County Executive Nelson:

¶ 1.   You have asked for an emergency Attorney General opinion to address the immediate need for clarity about the effect of the Wisconsin Supreme Court's decision in *Wisconsin Legislature v. Palm*, 2020 WI 42, on local powers to combat COVID-19. The May 12 supreme court decision struck down, in most respects, the Wisconsin Department of Health Services' (DHS) statewide Safer-at-Home order issued to combat COVID-19.

¶ 2.   The Wisconsin Legislature's lawsuit that led to the invalidation earlier this week of most of the Safer-at-Home order has resulted in substantial uncertainty as counties and municipalities rapidly adopt measures to fight a virus that does not respect national borders, much less municipal or county lines. In an update posted Wednesday, for instance, the Wisconsin Counties Association wrote that "it is unclear whether a local health order would, in the Court's view, suffer from the same deficiencies that caused the Court to invalidate the Safer at Home Order." Wis. Ctys. Ass'n, *COVID-19 Updates for County Officials* (May 13, 2020), https://covid19.wicounties.org/covid-19-daily-update-5-13-2020/. Kenosha and Brown Counties, two of the state's counties that have been most impacted by the coronavirus outbreak, withdrew their public health orders in light of confusion regarding their authority in the wake of the supreme court's decision.

¶ 3.   This Attorney General opinion addresses the following questions: whether the Wisconsin Supreme Court's decision in *Wisconsin Legislature v. Palm* controls local powers; whether that decision's discussion of criminal penalties should be considered by local authorities; whether that decision's specific focus on certain DHS powers related to staying at home, travel, and closing businesses should be

considered by local authorities; and whether there are any other substantive limits on local powers implied by the *Palm* decision.

¶ 4.  *First*, the supreme court's decision addressed only DHS's authority found in Wis. Stat. § 252.02. That statute does not govern the authority of local health officers, which is separately set out in Wis. Stat. § 252.03. That separate grant of local authority provides, among other things, powers to "prevent, suppress and control communicable diseases" and "forbid public gatherings when deemed necessary to control outbreaks or epidemics." Wis. Stat. § 252.03(1)–(2).[1] Because the court decision addressed a different statute applicable to a state agency, and not the statute applicable to local authorities, the *Palm* decision is not directly controlling on powers under the latter statute.

¶ 5.  *Second*, although the court did not directly address Wis. Stat. § 252.03, there are statements about criminal sanctions in the *Palm* decision that local authorities should consider. The court concluded that Safer at Home "does not rely on a statute within ch. 252 defining the elements of the crime" and that "in order to constitute criminal conduct proscribed by statute, the conduct must be set out with specificity in the statute to give fair notice." *Palm*, 2020 WI 42, ¶¶ 37, 40.[2] It is advisable to limit enforcement under Wis. Stat. § 252.03 to ordinances or administrative enforcement.

¶ 6.  *Third*, the *Palm* decision highlighted three particular exercises of DHS's powers as outside the scope of its statutory authority under Wis. Stat. § 252.02: directing people to stay at home, forbidding certain travel, and closing certain businesses. Even as to those three measures, the analysis may not apply to local powers under Wis. Stat. § 252.03. The court's reasoning emphasized the availability of criminal sanctions for violations, and applied an interpretative analysis using provisions of 2011 Wis. Act 21 and Wis. Stat. ch. 227 that apply only to state agencies. *Palm*, 2020 WI 42, ¶¶ 45–47, 51, 52. A local order issued under Wis. Stat. § 252.03 that does not threaten criminal penalties, as recommended above, cannot run afoul of the court's first concern, and 2011 Wis. Act 21 and chapter 227 would not apply to a local authority. Nevertheless, the local authority should ensure that any measures that direct people to stay at home, forbid certain travel, or close certain businesses speak specifically to the local authority's statutory power to "prevent, suppress and

---

[1] Local authorities also have emergency powers under Wis. Stat. §§ 323.11 and 323.14. This opinion does not address measures taken pursuant to those powers.

[2] This reasoning may not extend to subsections like Wis. Stat. § 252.02(3). For example, the *Palm* decision does not apply to Section 4.a. of Safer at Home, which closes schools pursuant to Wis. Stat. § 252.02(3). *Wis. Legislature v. Palm*, 2020 WI 42, ¶ 58 n.21.

County Executive Nelson
Page 3

control communicable diseases" and "forbid public gatherings when deemed necessary to control outbreaks or epidemics." Wis. Stat. § 252.03(1)–(2).

¶ 7. *Fourth*, nothing in the supreme court's decision even arguably limits other measures directed by a local authority under Wis. Stat. § 252.03. The court rested its rejection of Safer at Home's provisions other than staying at home, travel, and business closure solely on its conclusion that DHS had to engage in emergency rulemaking under Wis. Stat. § 227.24. *Palm*, 2020 WI 42, ¶¶ 2–4, 58–59. Local authorities are not subject to chapter 227, and so that reasoning has no application to an order issued by a local authority.

¶ 8. The foregoing observations provide immediate guidance in light of the pandemic. Because of the emergency circumstances, this opinion is not being released according to this office's ordinary process, in which we have voluntarily instituted an opportunity for public comment. However, this opinion will be posted on the AG Opinion Requests page of the Department of Justice's website, where the public may comment on it. In turn, this opinion may be supplemented at a later date.

Sincerely,

*Joshua L. Kaul*

Joshua L. Kaul
Attorney General

JLK:ADR:jrs