**BLONG YANG, et al.,**

                    Plaintiff(s),

      v.                    **TELEPHONE HEARING re: [24] Motion for Preliminary Injunction**
                                                               Case No. 20-C-760

**SUSAN POWERS, et al.,**

                    Defendant(s).

---

HONORABLE WILLIAM C. GRIESBACH presiding        Time Called: 11:06 am
Proceeding Held: July 7, 2020                                        Time Concluded: 11:36 am
Deputy Clerk: Lori                                                                   Tape: 070720

**Appearances:**

    **Plaintiff(s):**    Joseph W. Voiland

    **Defendant(s):**    Remzy D. Bitar on behalf of Dane County Defendants
                                Gregory Kruse on behalf of Milwaukee Defendants

---

*This hearing is on the Plaintiff's [24] Motion for Preliminary Injunction as to Defendants Kowalik and Heinrich. The remaining parties were not required to appear but may dial in for the call. Counsel dialing in: Thomas Bellavia, Colin Hector, Joseph Russell and Andrew Philli*ps.

The Court inquires as to the parties that Mr. Bitar represents. Mr. Voiland responds.
11:11 am: Mr. Bitar enters the call.
The Court addresses the [24] motion for preliminary injunction.
Mr. Bitar sets forth the motion does not address the balances of harm to plaintiff vs balance of harm to public, nor the analysis put forward in *Jacobsen vs Commonwealth of Massachusetts*. Counsel states that federal courts around the country are utilizing this decision to evaluate health orders, including Justice Roberts in his concurring opinion in *South Bay United Pentecostal Church vs. Gavin Newsom.*

Mr. Kruse responds.

The Court inquires as to the filing of this case in the Eastern District of Wisconsin, Green Bay Division and as to why all plaintiffs were joined together in a single action. The Court refers to Rules 18, 19 and 20. The Court questions if these plaintiffs should all be in one case.

Mr. Voiland responds as to reasoning for filing in this district. He found the case was appropriately filed under the rules of venue and jurisdiction, adding that several the parties are subject to the Green Bay Division. As matters developed, many changed or rescinded their orders. The parties are here on the remaining orders with the City of Milwaukee and Dane County.

The Court questions the claims being properly joined.
Mr. Bitar sets forth he intends to file a Motion to dismiss by Friday. Counsel further addresses issue of joinder.

The Court addresses meeting criteria of Rule 18 governing joinder of claims.

The Court addresses misjoinder under Rule 21, grounds for severing claims and moving them where they belong. If the Defendants intend to address that, the Court finds that issue should come first.
**Defendants Motion to Dismiss or Sever should be filed by Friday. (7/10/20)**

Mr. Voiland responds as to urgency and orders involved.
The Court clarifies as to the orders after Wisconsin Supreme Court issued decision.
Briefing schedules discussed.
The Court inquires as to scheduling evidentiary hearing.
Mr. Voiland responds and clarifies as to number of orders referenced. This applies to the Madison (7) and Milwaukee (4) orders. He would like a ruling on the preliminary injunction as to the order in place at the time the preliminary injunction was filed.
The Court addresses that if the lawsuit compels them to conclude the order was over broad and they change the order, this moots the motion.
Mr. Voiland responds and will address in brief if necessary.

**RESPONSE to [24] Motion for Preliminary Injunction is due next Wednesday (7/15/2020).**
**REPLY is due by next Friday (7/17/2020).**

**MOTION TO DISMISS/TRANSFER is due by Friday, (7/10/2020).**
**REPLY is due Monday or Tuesday (7/14/2020).**

Mr. Bitar agrees no evidentiary hearing is necessary, the issues are all questions of law and can be addressed through briefing.

On behalf of state defendants as to scheduling: Mr. Bellavia addresses concern over efficiency/inefficiency of one motion to dismiss filed early as remaining defendants have later deadlines to answer/respond to amended complaint. Counsel requests an extension of time to respond to amended complaint.

The Court views the joinder issue as a threshold one and was not looking for a comprehensive failure to state a claim type of brief by Friday.

Mr. Voiland responds in favor of a unified date for all to respond to amended complaint.
The Court informs the parties they can stipulate to an extension of time or stay.

Joe Russell (represents Winnebago County) planned on filing a comprehensive motion to dismiss by Friday but will work with other counsel to extend deadline.

Mr. Voiland states that he previously offered to all defendants for a stay for time to answer and that offer stands.
The Court would prefer to initially narrow type of threshold issues.
The Court addresses the Local Rules and briefing schedules.
Adjourn 11:36 am