UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BLONG YANG, JAY SCHROEDER,
PAUL MARTIN DRIFTMIER, SR.,
ANGELA RAY HAUG, KELLY LYNN
MCELWAIN, REV. DANIEL JAY
QUAKKELAAR, MADISON MARIE
ELMER, ERIC THOMAS SKELTON,
SANDRA K. MORRIS, CINDY WERNER,
ALEXANDRA CARNEY SCHWEITZER,
JESTIN KORLESKI, JAIME LYNN
WESTCOMB, JENNY LEIGH
TURKELSON, ANNA ALETHIA
MANNING, WILLIAM NAUTA, LENAE
LENORE GILBERTSON, LISA BINNING,
DARCY BLOOM, GAYELYNN PLASTER,
ELIZABETH THORNE, LUIS A. VERGARA,
CELECIA SANCHEZ, MARY MAGDALEN MOSER,

        Plaintiff,                CASE NO. 20-CV-760

v.

SUSAN POWERS, MARY DORN,
DOUGLAS GIERYN, KURT EGGEBRECHT
GREG PETERSON, DANIEL BLACKDEER
JANEL HEINRICH, MARIE-NOEL
SANDOVAL, ROANN WARDEN, DOTTIE-KAY
BOWERSOX, JEANETTE KOWALIK, SANJIB
BHATTACHARYYA, DAVID BETH, JOSEPH
CARDAMONE, III, JODY WARD, DEAN M. SMITH,
ANTHONY S. EVERS, AND ANDREA PALM,

        Defendants.

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS FOR NONCOMPLIANCE WITH RULE 20 GOVERNING JOINDER OF PARTIES**

Janel Heinrich (Public Health Officer Madison & Dane County), Mary Dorn (Outagamie County Public Health Officer), Marie-Noel Sandoval (Rock County Health Officer), Dean M. Smith (City of Oshkosh Chief of Police), David Beth (Kenosha County Sheriff), and Joseph Cardamone, III (Kenosha County Corporation Counsel), by their attorneys, MUNICIPAL LAW & LITIGATION GROUP, S.C., and Jeanette Kowalik (City of Milwaukee Commissioner of Health) and Sanjib Bhattacharyya (City of Milwaukee Special Deputy Health Commissioner) by their attorneys, CITY OF MILWAUKEE CITY ATTORNEY TEARMAN SPENCER, and Susan Powers (Door County Public Health Officer), Douglas Gieryn (Winnebago County Public Health Officer) and RoAnn Warden (Green County Public Health Officer), by their attorneys, VON BRIESEN & ROPER, S.C., respectfully submit this Brief in Support of their Motion to Dismiss the Amended Complaint without prejudice due to noncompliance with the joinder rules under Federal Rule of Civil Procedure 20 and 21.

## INTRODUCTION

"A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 683 (7th Cir. 2012). Rule 20(a)(2) permits joinder when "any right to relief is asserted ... with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Federal courts have "considerable discretion" and "flexibility" in applying Rule 20. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). The remedy for misjoinder of otherwise proper claims is severance or dismissal without prejudice. *Id*. at 862-63.

There are limits to the breadth of a lawsuit in federal court, which were established well before the legal issues involving the current global pandemic prompted this lawsuit and which cannot be exceeded even in this pandemic.

In December 2019, a contagious respiratory illness caused by a novel strain of the coronavirus, identified as SARS-CoV-2 – now named COVID-19 – first appeared in Wuhan, China and has since spread throughout the world, including every state in the United States. No vaccination or effective treatment yet exists. There is universal concern COVID-19 spreads through respiratory droplets produced when an infected person coughs, sneezes, or talks; through close personal contact, such as touching or shaking hands; and through touching an object or surface containing the virus and then touching one's mouth, nose, or eyes.

On January 20, 2020, the World Health Organization declared COVID-19 to be a Public Health Emergency of International Concern. On January 31, 2020, the United States Department of Health and Human Services determined the COVID-19 virus constituted a nationwide public health emergency. On March 13, 2020, President Donald Trump declared a National Emergency. As of the filing of this motion, 3,158,183 have tested positive and 133,777 have died in this country with 34,753 testing positive and 814 having died in Wisconsin.[1]

The country has not simply identified a pandemic and declared an emergency. Federal, state and local officials have offered – in the absence of a vaccine or other treatment – measures that will most effectively control the virus, such as the public health orders at issue in this lawsuit. By all accounts, the most effective way to control the virus is to practice "social distancing," also referred to as "physical distancing." Federal, state and local health authorities have determined that, to slow the spread of this virus, it is important to avoid gatherings of people and to keep at least six feet away from others, as well as to take other measures to slow its spread, curb its growth and prevent overwhelming the medical and hospital system.

---

[1] See John Hopkins University & Medicine: https://coronavirus.jhu.edu/us-map (last visited July 10, 2020).

3

Wisconsin State Law provides broad authority and power for local health officials to prevent, control, and suppress communicable diseases, like COVID-19. Wis. Stat. §252.03(1) provides that every local health officer "shall promptly take all measures necessary to prevent, suppress and control communicable diseases." Wis. Stat. §252.03(2) provides that local health officers "may do what is reasonable and necessary for prevention and suppression of disease." It also states that local health officers "may forbid public gatherings when deemed necessary to control outbreaks or epidemics."

Here, twenty-four Plaintiffs reside in various locations around Wisconsin. They have joined together to sue an assortment of different levels of government – the State of Wisconsin, various counties and various cities – for a total of eighteen Defendants. The only connection between the Plaintiffs, their claims and the Defendants is the fact the various Defendants have responded in different ways to the pandemic (whether through issuance of public health orders or otherwise) and the Plaintiffs' collective allegations that such governmental action went too far in contravention of their civil liberties.

The Plaintiffs' Amended Complaint raises other concerns about whether it has properly followed the pleading, standing and mootness rules that govern litigation in federal courts, let alone whether they have properly stated a claim at all given the government's police power during a health emergency to protect the public's health and welfare, as set forth in *Jacobson v. Commonwealth of Massachusetts*, 197 U.S. 11, 27 (1905). While such issues will be addressed at a later time, the red flags presented in the Amended Complaint underscore how the hurried nature of their buckshot lawsuit runs afoul of the joinder rules.

## ALLEGATIONS IN AMENDED COMPLAINT AS RELEVANT TO THIS MOTION

Twenty-four Plaintiffs – Blong Yang, Jay Schroeder, Paul Martin Driftmier, Sr., Angela Ray Haug, Kelly Lynn McElwain, Rev. Daniel Jay Quakkelaar, Madison Marie Elmer, Eric Thomas Skelton, Sandra K. Morris, Cindy Werner, Alexandra Carney Schweitzer, Jestin Korleski, Jamie Lynn Westcomb, Jenny Leigh Turkelson, Anna Alethia Manning, William Nauta, Lenae Lenore Gilbertson, Lisa Binning, Darcy Bloom, Gayelynn Plaster, Elizabeth Thorne, Luis A. Vergara, Cecelia Sanchez, and Mary Magdalen Moser – filed this lawsuit on May 20, 2020 against eighteen Defendants, to wit: Susan Powers, Mary Dorn, Douglas Gieryn, Kurt Eggebrecht, Greg Peterson, Daniel Blackdeer, Janel Heinrich, Marie-Noel Sandoval, RoAnn Warden, Dottie-Kay Bowersox, Jeanette Kowalik, Sanjib Bhattacharyya, David Beth, Joseph Cardamone, III, Jody Ward, Dean M. Smith, Anthony S. Evers, and Andrea Palm.

These Defendants are not one corporate entity; rather, they are the State of Wisconsin officials, different counties, different cities and different individuals. Defendant Evers is the State Governor; the Amended Complaint is vague as to why he is even named a defendant. Defendant Palm is the Secretary of the Wisconsin Department of Health Services, whose Emergency Order 28 was held unlawful by the Wisconsin Supreme Court. *Amended Complaint* ¶¶ 53-54. After the Wisconsin Supreme Court struck down Order 28, the remaining defendants allegedly took actions by entering similar "new Local Orders." *Id.* at ¶¶ 67-69. The remaining defendants include County and City Public Health Officers that imposed a variety of mandatory public health orders (some of which lasted only a few days or less before being rescinded), but also other defendants like law enforcement and a county corporation counsel who took other actions in response to the pandemic.

Without explanation as to the commonality of claims and parties, the Plaintiffs amended the lawsuit dropping Plaintiff Thomas Wulf, but adding William Nauta, Lisa Binning, Darcy

5

Bloom, Gayelynn Plaster, Elizabeth Thorne, Luis A. Vergara, Cecelia Sanchez, and Mary Magdalen Moser. As a result, the lawsuit now has twenty-four Plaintiffs. As to the defendants, the amendment did the following: dropped Marge Bostelmann, Julie M. Glancey, Ann S. Jacobs, Dean Knudson, Robert F. Spindell, Jr., Mark L. Thomsen, and Megan Wolfe, as Commissioners and Administrator of the Wisconsin Elections Commission, and added David Beth, Joseph Cardamone, III, Jody Ward, and Dean Smith. As a result, the lawsuit now has eighteen Defendants.

The Plaintiffs allege several causes of action under the First, Fifth, and Fourteenth Amendments pursuant to 42 U.S.C. § 1983. *Amended Complaint* ¶ 47.

Listed below are the allegations of the Plaintiffs and the county where they reside:

- Plaintiff Yang, who lives in Appleton, Outagamie County, runs a restaurant called Eggrolls, Inc. and alleges a violation of his constitutional rights because he was threatened with criminal charges, imprisonment or loss of his license if he continued to operate the business in violation of Order 28. *Amended Complaint* ¶¶ 84-88.
- Plaintiff Schroeder, residing in Neenah, Winnebago County, is a candidate for the Wisconsin State Assembly, District 55. He alleges unspecified violations of his constitutional rights. *Id.* at ¶ 2, 89.
- Plaintiff Werner, of Milwaukee County, says she is a candidate for Congress whose constitutional rights have been infringed in an unspecified way. *Id*. at ¶¶ 17, 111.
- Plaintiff Elmer, Dane County, says she is the organizer of a freedom rally and attempted to get a permit to exercise her First Amendment right to peaceably assemble but was denied. She asserts this was a violation of her constitutional rights. *Id.* at ¶¶ 3, 90-97.
- Plaintiffs Driftmier, Haug and McElwain (all from Dane County), Plaintiff Quakkelaar (Milwaukee County), Plaintiff Skelton (Green County) and Plaintiff Korleski (Rock County) all own businesses and allege damage to their businesses under vague allegations involving their constitutional rights. *Id.* at ¶ 98, ¶ 99, ¶ 100, ¶ 101, ¶ 102, ¶ 105.
- Plaintiff Morris (Racine County), Plaintiff Schweitzer (Waukesha County), Plaintiff Gilbertson (Rock County), Plaintiff Westcomb (Rock County), Plaintiff Turkelson (Green County), Plaintiff Manning (Dane County), and Plaintiff Nauta (Door County), like other plaintiffs, all allege violations of their constitutional rights in an unspecified and factually unclear way. *Id.* at ¶ 103, ¶ 104, ¶ 106, ¶ 107, ¶ 108, ¶ 109, ¶ 110, ¶ 111.

6

- Plaintiff Binning, residing in the City of Neenah, Winnebago County, owns a dog grooming business. She alleges her license was revoked, but later reinstated. However, she was arrested by the Oshkosh Police Department for operating her business. She was never charged with a crime. She alleges damage to her business as well as a violation of her constitutional rights. *Id.* at ¶¶ 112 -115.
- Plaintiffs Bloom, Wisconsin Dells, and Plaster, Madison, own and operate "Made with Love." They were operating their business according to the personal distancing and hygiene standards when they were visited by the Wisconsin Dells Police. The Police directed Plaintiffs to close their store and subsequently threatened them with a cease and desist letter. They allege damage to their business as well as a violation to their constitutional rights. *Id*. at ¶¶ 116-119.
- Plaintiff Vergara & Sanchez are both ministers in the City of Milwaukee and the City of Racine through Desatar Ministries. They allege that the local orders prevent them from exercising their religion. They further state that "being present in person is essential to worship; gathering in person as the body of Christ is essential to function according to the spiritual and physical needs of their members; meeting together as a church is necessary to actively reciprocate with their fellow believers and to minister personally to their needs . . . ." *Id.* at ¶¶ 120-124.
- Plaintiff Thorne, Dane County, runs Touch of Palates and alleges that she was unable to operate her business and she was unable to let workspace available at Touch of Pilates to other service providers. She alleges that the local defendants violated her constitutional rights. *Id.* at ¶¶ 125-126.
- Plaintiff Moser, Kenosha County, is the resident and proprietor of Mary Magdalen's Temple of Art. She claims that the Defendants violated her constitutional rights and damaged her business. Additionally, on May 5, 2020, she tried to attend a public in-person meeting of the Kenosha County Board of Supervisors. She was denied entry and alleges she was unlawfully arrested by a Sheriff's deputy when she tried to enter. She was issued two citations as a result totaling $1,535.00. *Id.* at ¶¶ 127-130.

The Amended Complaint goes on to generalize constitutional violations for unspecified reasons by all Plaintiffs against some or all Defendants. For instance, the Amended Complaint alleges that Plaintiffs Morris, McElwain, Gilbertson, Turkelson, Schweitzer, Manning, Nauta, and Moser have wished to circulate recall petitions for either state or local office holders and have been unable to do so because of the restrictions set forth in the various local orders. *Id.* at ¶¶ 130-137. As a further example, Plaintiffs Yang, Schroeder, Driftmier, Haug, Quakkelaar, Skelton, Morris, Schweitzer, Korleski, Gilbertson, Westcomb, Turkelson, Werner, Nauta, Plaster, Thorne, Moser, Vergara, and Sanchez allege that the various local orders unlawfully restrict their free exercise of religion. *Id*. at ¶¶ 138-140. The Amended Complaint also asserts that the Defendants have engaged

7

in unlawful viewpoint discrimination by affirmatively allowing certain mass gatherings to be held at similar times, in similar places, and in a similar manner as other mass gatherings that Defendants prohibit Plaintiffs from holding. *Id.* at ¶ ¶ 141-150. For almost all these allegations, the pleading reflects a lumping of plaintiffs and defendants without factual averments about the alleged conduct. In other words, the Amended Complaint fills the four corners of the pages with labels, conclusions and formulaic recitation of the elements of a cause of action, lumping all plaintiffs and all defendants into each cause of action. A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 678; *see also Mars Steel v. Continental Bank, N.A*., 880 F.2d 928, 932 (7th Cir. 1989) ("Counsel may not drop papers into the hopper and insist that the court or opposing counsel undertake bothersome factual and legal investigation.").

Plaintiffs allege six counts in their Amended Complaint, as follows: Count I – violation of civil rights under color of law by Defendant Palm and by the local defendants; 42 U.S.C. § 1983. Count II – violation of the right to free exercise of religion under the First Amendment. Count III – violation of the right to freedom of assembly under the First Amendment. Count IV – violation of the right to freedom of speech under the First Amendment. Count V – violation of the right to equal protection under the Fourteenth Amendment. Count VI – regulatory taking in violation of the Fifth Amendment takings clause.

Plaintiffs are seeking a temporary restraining order against the Defendants, a preliminary injunction, a declaratory judgment declaring that Order 28 and the Local Orders both on their face

8

and as applied are unconstitutional, damages for the violation of Plaintiffs' constitutional rights, and just compensation for the regulatory taking of Plaintiffs' property.

## STANDARD OF REVIEW

Rule 18 of the Federal Rules of Civil Procedure permits a plaintiff to bring in one lawsuit for every claim he or she has against a single defendant. Fed. R. Civ. P. 18(a). However, to join multiple defendants in a single action, Rule 20 requires that the plaintiff assert at least one claim against all of them "arising out of the same transaction, occurrence, or series of transaction or occurrences" and that "any question of law or fact common to all defendants will arise in the action." *Id.* 20(a)(2). As the Seventh Circuit has noted, Rule 20(a) states that "all persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." *George v. Smith*, 507 F.3d 605, 607 (7th Cir., 2007).

These two rules working together mean "[u]nrelated claims against different defendants belong in different suits." *Id.* "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.* Where a party has been misjoined, Fed. R. Civ. P. 21 provides that "[on] motion or on its own, the court may at any time, on just terms, add or drop a party."

9

Case 1:20-cv-00760-WCG    Filed 07/10/20    Page 9 of 18    Document 33

# LEGAL ANALYSIS

## I. THIS LAWSUIT MUST BE DISMISSED WITHOUT PREJUDICE FOR MISJOINDER BECAUSE THE DEFENDANTS HAVE NOT BEEN PROPERLY JOINED IN ONE LAWSUIT.

By grouping all these Plaintiffs with all these claims against all these Defendants, the Plaintiffs' lawsuit has violated Federal Rules of Civil Procedure 20 and 21. Plaintiffs have ignored the Federal Rules of Civil Procedure and Seventh Circuit law by attempting to improperly join twenty-four Plaintiffs with eighteen disparate and unrelated Defendants in a single action without alleging any coordinated action between them or any right to relief that arises out of "the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). The case should be dismissed without prejudice because there is no allegation of, or any factual basis for alleging, a connection between all twenty-four Plaintiffs and eighteen Defendants.

The twenty-four Plaintiffs allege a wide array of claims against the multitude of Defendants, including violations of civil rights under section 1983, violations of the right to free exercise of religion under the First Amendment, violations of the right to freedom of assembly under the First Amendment, violations of the right to freedom of speech under the First Amendment, violations of the right to equal protection under the Fourteenth Amendment, and a regulatory taking in violation of the Fifth Amendment takings clause. *Amended Complaint ¶¶.* 23, 24, 26, 28, 29 & 30. Plaintiffs do not – and cannot – allege that any of the named defendants are jointly or severally liable, conspired with each other, or acted in concert in any way. Likewise, because the Defendants hold distinctly different positions in government, Plaintiffs cannot allege that their claims arise out of "the same transaction, occurrence, or series of transactions or occurrences." Plaintiffs, their claims and the Defendants have no relation to one another except

10

Plaintiffs universally disagree with the various approaches taken by the Defendants to respond to the COVID-19 public health pandemic.

Several decisions provide guidance, all pointing towards Plaintiffs' noncompliance with the joinder rules and the need for this lawsuit's dismissal without prejudice. In *UWM Student Association v. Lovell*, 888 F.3d 854, 856 (7th Cir. 2018), forty-four former and current UWM students sued thirty-seven defendants. The first five claims in the complaint are §1983 claims alleging denials of due process and First Amendment retaliation and, in one count, a violation of one plaintiff's freedom of religion. *Id*. The district court dismissed the case with prejudice. *Id.* at 857. The district court dismissed the claims against several individual defendants for untimely service; it dismissed the state law claims based on state sovereign immunity; and the rest of the claims were dismissed for misjoinder. *Id.*

The Seventh Circuit reversed the dismissal of the misjoinder claims stating that "the remedy for misjoinder is severance or dismissal without prejudice, not dismissal with prejudice." *Id.* The district court correctly found the remaining claims brought under federal law by the seven remaining plaintiffs against twenty-eight remaining defendants were not properly joined in one lawsuit. *Id.* at 862-63. The district court found "the only apparent topical commonality between the claims is that the UWM officials allegedly committed bad acts against students." *Id.* at 863. The Seventh Circuit agreed with the district court's observation but stated that the district court erred in dismissing the remaining claims with prejudice, as remedy for misjoinder is severance or dismissal without prejudice. *Id.*

The Seventh Circuit reviewed the Federal Rules of Civil Procedure stating "multiple plaintiffs may join if they assert a 'right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences' and

11

a 'question of law or fact common to all plaintiffs will arise in the action.'" *Id.* "[The federal] rules are broad, giving district courts considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes." *Id.* However, there are limits. "Unrelated claims against different defendants belong in different suits." *Id.* (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). On remand, the district court dismissed the proceedings without prejudice. *Docket for Case* #:5:15-cv-00001-JPS, ¶ 53.

In *George v. Smith*, 507 F.3d 605, (7th Cir., 2007), George filed suit against twenty-four defendants with approximately fifty distinct claims. The court, interpreting Rule 20(a), stated "a buckshot complaint that would be rejected if filed by a free person - say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Id.* The court further stated that George did not make any effort to show that the twenty-four defendants he named had participated in the same transaction or series of transactions or that a question of fact is "common to all defendants." *Id.* Thus, the court dismissed the claims holding that they should have been brought in separate actions.

In a federal civil rights suit involving the implications of COVID-19 in the jails, *Azor-El v. New York City Department of Corrections*, 2020 WL 2538999 (S.D. New York), ten pro-se inmate plaintiffs jointly signed and filed a pro se complaint under 42 U.S.C. §1983. The court held that the plaintiff's claims did not stem from a common set of facts, but rather from each plaintiff's individual criminal case and related detention. Thus, the court severed plaintiffs' claims. *Id.* at 2. The court observed each plaintiff had his own medical condition, bail and release status, his own criminal case and his own complaints regarding his detention. *Id.*

12

Here, there is no logical relationship between the Plaintiffs, and they assert entirely different claims against entirely different defendants. Several of the plaintiffs are business owners, one is a political hopeful, there is a musician, a reverend, a stylist and a salon owner, and several others, very few of whom offer any factual allegations linking them together. Each plaintiff seems to be suing Defendant Palm, but they also take aim at different local public health officers or other different public employees across the State, as follows: Susan Powers, Door County Health Officer; Mary Dorn, Outagamie County Public Health Officer; Douglas Gieryn, Winnebago County Health Officer; Kurt Eggebrech, City of Appleton Health Officer; Greg Peterson, Grand Chute Police Department; Daniel Blackdeer, Deputy Chief of the Wisconsin State Capitol Police; Janel Heinrich, Public Health Officer of Madison and Dane County; Marie-Noel Sandoval, Rock County Health Officer; RoAnn Wardner, Green County Public Health Officer; Dottie-Kay Bowersox, City of Racine Public Health Director; Jeanette Kowalik, City of Milwaukee Commissioner of Health; Sanjib Bhattacharyya, City of Milwaukee Special Deputy Health Commissioner; David Beth, Kenosha County Sheriff, Joseph Cardamone, III, Kenosha County Corporation Counsel, Jody Ward, Chief of Police of the City of Wisconsin Dells; and Dean M. Smith, Chief of Police of the Oshkosh Police Department.

Nowhere in the Amended Complaint do Plaintiffs allege a connection linking any of these Defendants together. Further, there is no commonality between the Defendants. The only tangential connection that can possibly link all the Defendants is the fact that they are government actors that issued health orders or otherwise acted in an emergency around the same time in response to a viral threat in their communities. They are not even joined in commonality by any action directed by or as a joint enterprise with the State Defendants. Not even the Wisconsin Supreme Court's *Palm* decision ties all the Defendants together. As the Plaintiffs point out, the

13

Wisconsin Supreme Court invalidated Palm's Order 28, thereby leaving each singular Defendant at the local level to uniquely fill in the void based on the public health needs and policies of their own jurisdiction. This decision led to a patchwork of various responses around the State. The Defendants, much like the Plaintiffs and their claims, are heterogeneous, not homogenous.

Each Plaintiff's targeted defendant is different and because of this there is extreme misjoinder. Unrelated claims against different defendants belong in different lawsuits. Plaintiff Yang appears to be directly suing Defendant Dorn, Outagamie County Public Health Officer; thus, Yang should file a separate lawsuit because it is an unrelated claim to the rest of the Plaintiffs. Plaintiff Driftmier, Sr. appears to be directly suing Defendant Janel Heinrich, Public Health Officer of Madison and Dane County; thus, Plaintiff Driftmier should file a separate lawsuit because, again, it is an unrelated claim to the rest of the Plaintiffs. Plaintiff Eric Thomas Skelton appears to be directly suing RoAnn Warden, the Green County Public Health Officer. This pattern holds true for the remaining Plaintiffs.

As stated above, Rule 20 requires that the *plaintiff assert at least one claim against all of the defendants* "arising out of the same transaction, occurrence, or series of transaction or occurrences" and that "any question of law or fact common to all defendants will arise in the action." *Id.* 20(a)(2) (emphasis added). Here, each Plaintiff has not and cannot assert one claim against each Defendant. Plaintiff Yang, whose allegations involve his business, Eggrolls Inc., cannot assert claims against Defendant Susan Powers, Door County Health Officer, because he would lack standing. Clearly, he and his business do not reside nor operate in Door County nor have they been impacted by anything Door County did or did not do. The same is the case with Plaintiff Hang, whose allegations involve her work as a stylist in Dane County. She could not assert a claim against Defendant Warden, Green County Public Health Officer, because she would

lack standing as well. The same is true for Plaintiff Korleski, whose allegations involve his work as a musician in Rock County. He could not assert claims against Defendant Dottie-Kay Bowersox, the Racine Public Health Director. The same is true for Plaintiff Binning, whose allegations involve her business in Winnebago County. She could not assert claims against Defendant Jeanette Kowalik, the City of Milwaukee Commissioner of Health. And on and on it goes for the rest of the Plaintiffs.

Due to the above misjoinder, dismissal of this lawsuit (rather than severance) will serve judicial economy because the Plaintiffs' claims do not stem from one common set of facts. Each Plaintiff seeks to challenge their local order or other action, which vary from county to county and city to city and which may be moot. The claims in this lawsuit will involve different witnesses and different evidence. Each local government allegedly has their own order, guidance, or conduct at issue. Many have their own health officer. The drafters of each public health order as well as the enforcers of each order are fundamentally different. The majority of Plaintiffs' claims are not similar in nature; they are universally different. Dismissing without prejudice will serve judicial economy by allowing each individual Plaintiff to refile against the defendant whose order or action impacts them uniquely, instead of having one buckshot lawsuit. Plaintiffs can make their own independent decisions to refile where venue is proper and join in the suit only the proper defendants they are seeking relief against.

By contrast, severance would require the court's resources and tax its independence to try and re-engineer the lawsuit in order to conform to the joinder rules by connecting the dots as to what specific defendants and plaintiffs should match up, for what claims based upon which alleged facts, and where venue should lie. For example, Plaintiff Elmer resides in Walworth County. She alleges in the complaint that Defendant Palm and Defendant Blackdeer violated her constitutional

15

rights. She also asserts that she attempted to exercise her First Amendment right to peaceably assemble in Dane County. This would leave the court to guess where to move Plaintiff Elmer's lawsuit. The same can be said for Plaintiff Plaster who resides in Dane County but owns a business in the Wisconsin Dells. She alleges a constitutional violation as well as damage to her business. Again, this would leave the court guessing as to where to move her lawsuit. This daunting task properly belongs to the party-plaintiffs, not the federal judiciary.

Additionally, there would be no prejudice to the Plaintiffs if the lawsuit is dismissed without prejudice. As the Seventh Circuit pointed out in *UWM Student Association v. Lovell*, 888 F.3d 854, 856 (7th Cir. 2018), "the remedy for misjoinder is severance or dismissal without prejudice, not dismissal with prejudice." Thus, there would be no prejudice to the plaintiff-parties if this lawsuit was dismissed without prejudice since they can correct these errors and re-file their lawsuit properly paying attention to the rules governing joinder. Their decisions as to when, where and how to file their lawsuits in conformance with the joinder rules would not be hampered by statutes of limitations. Their claims arose only in the last few months and the statute of limitations for civil rights claims is three years.

For all these reasons – including the fact that the Plaintiffs' election to band together into one suit against different defendants on different transactions has allowed them to dodge paying filing fees – the court should dismiss this case without prejudice. See, e.g., *Teen v. Massey*, No. 18-CV-00994-JPG, 2018 WL 4075499, at *3 (S.D. Ill. Aug. 27, 2018) ("By bringing this new claim involving different defendants, a different transaction or occurrence, and a different time period, Plaintiff appears to be doing just that—attempting to avoid a filing fee…. In this case, the Court finds that the most appropriate remedy is dismissal without prejudice."); *Estee Lauder Cosmetics Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334

F.R.D. 182, 186 (N.D. Ill. 2020) ("But it is appropriate for federal courts to raise improper joinder on their own, especially when the sheer number of defendants waves a joinder red flag and ups the chances that the plaintiff should be paying separate filing fees for separate cases."); *Id*. at 190 ("For the reasons discussed above, the joinder of the Defendants in this case is improper under Rule 20(a)(2). The Plaintiffs have until February 10, 2020 to file an amended complaint narrowing the claims down to a subset of Defendants who are properly joined. Any amended complaint must be accompanied by a memorandum explaining specifically why each Defendant is properly joined to all of the others.").

## CONCLUSION

For these reasons, Defendants respectfully move the court to find that this lawsuit has not properly joined the defendants into one lawsuit and that the misjoinder here requires dismissal without prejudice.

Dated this 10th day of July 2020.

**MUNICIPAL LAW & LITIGATION GROUP, S.C.**

Attorneys for Janel Heinrich (Public Health Officer Madison & Dane County), Mary Dorn (Outagamie County Public Health Officer), Marie-Noel Sandoval (Rock County Health Officer), Dean M. Smith (City of Oshkosh Chief of Police), David Beth (Kenosha County Sheriff), and Joseph Cardamone, III (Kenosha County Corporation Counsel)

By: /s/ Remzy D. Bitar
    REMZY D. BITAR
    State Bar No: 1038340
    SADIE R. ZURFLUH
    State Bar No. 1115432
    730 N. Grand Avenue
    Waukesha, WI 53186
    O: (262) 548-1340

F: (262) 548-9211
E: rbitar@ammr.net
szurfluh@ammr.net

**CITY OF MILWAUKEE**
**CITY ATTORNEY TEARMAN SPENCER**

Attorneys for Jeanette Kowalik (City of Milwaukee Commissioner of Health) and Sanjib Bhattacharyya (City of Milwaukee Special Deputy Health Commissioner)

By: /s/ Tearman Spencer
TEARMAN SPENCER
City Attorney
GREGORY P. KRUSE
Assistant City Attorney
State Bar No. 1091313
200 East Wells Street, Rm. 800
Milwaukee, WI 53202
Telephone: (414) 286-2603
Fax: (414) 286-8550
gkruse@milwaukee.gov

**VON BRIESEN & ROPER, S.C.**

Attorneys for Susan Powers (Door County Public Health Officer), RoAnn Warden (Green County Public Health Officer) and Douglas Gieryn (Winnebago County Public Health Officer)

By: /s/ Andrew T. Phillips

Andrew T. Phillips (SBN 1022232)
Joseph M. Russell (SBN 1092211)
411 E. Wisconsin Avenue
Suite 1000
Milwaukee, WI 53202
T: (414) 287-1414
F: (414) 238-6604
aphillips@vonbriesen.com
jrussell@vonbriesen.com

18