UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BLONG YANG, et al.,

        Plaintiffs,

        v.                          Case No. 20-C-760

SUSAN POWERS, et al.,

        Defendants.

## AMENDED DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS[1]

Twenty-four plaintiffs, who reside in various parts of Wisconsin, brought this action against the Governor and the acting Secretary of the Department of Health Services, as well as county and city officials from fourteen independent governmental entities, alleging the defendants violated their constitutional rights by imposing a variety of mandatory public health orders or taking other actions in response to the COVID-19 pandemic that significantly impact Plaintiffs' fundamental freedom. The defendants include Susan Powers, Door County Health Officer; Mary Dorn, Outagamie County Public Health Officer; Douglas Gieryn, Winnebago County Health Officer; Kurt Eggebrecht, City of Appleton Health Officer; Greg Peterson, Chief of the Town of Grand Chute Police Department; Janel Heinrich, Public Health Officer of Madison and Dane County; Daniel Blackdeer, Deputy Chief of the Wisconsin State Capitol Police; Marie-Noel Sandoval, Rock County Health Officer; RoAnn Warden, Green County Public Health Officer; Dottie-Kay Bowersox, City of Racine Public Health Director; Jeanette Kowalik, City of

---

[1] The decision is amended to state that, in the event an amended complaint is not filed, the action will be dismissed without prejudice.

Milwaukee Commissioner of Health; Sanjib Bhattacharyya, City of Milwaukee Special Deputy Health Commissioner; David Beth, Kenosha County Sheriff; Joseph Cardamon, III, Kenosha County Corporation Counsel; Jody Ward, Chief of Police of the City of Wisconsin Dells; Dean Smith, Chief of Police of the Oshkosh Police Department; Anthony Evers, Governor of Wisconsin; and Andrea Palm, Secretary of the Wisconsin Department of Health Services.  Roughly half of the defendants filed a motion to dismiss this case without prejudice based on improper joinder pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure.

A plaintiff "may join, as independent or alternative claims, as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  But "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot."  *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).  Nor can 24 plaintiffs combine in one lawsuit all of their separate and independent claims against 18 different defendants.  Plaintiffs may join together in one action if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1).  And defendants can be joined together in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

A district court has "considerable discretion" and "flexibility" in applying these rules and determining whether the complaint contains plausible allegations to satisfy them.  *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) (noting that district courts have "considerable

flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes"). But this flexibility is not unlimited. The Seventh Circuit has emphasized that "[u]nrelated claims against different defendants belong in different suits." *Id.* (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

Plaintiffs assert six counts in their Amended Complaint: violation of civil rights under color of law by Defendant Palm and by the local defendants; violation of the right to free exercise of religion under the First Amendment; violation of the right to freedom of assembly under the First Amendment; violation of the right to freedom of speech under the First Amendment; violation of the right to equal protection under the Fourteenth Amendment; and regulatory taking in violation of the Fifth Amendment takings clause. They seek a temporary restraining order against Defendants, a preliminary injunction, a declaratory judgment declaring that Order 28 and the Local Orders on their face and as applied are unconstitutional, damages for the violation of Plaintiffs' constitutional rights, and just compensation for the regulatory taking of Plaintiffs' property.

Of course, any claim seeking declaratory or injunctive relief against the Governor and Secretary Palm based on Order 28 is now moot in light of the Wisconsin Supreme Court decision in *Wisconsin Legislature v. Palm*, 2020 WI 42, 391 Wis. 2d 497, 942 N.W.2d 900, finding the order unlawful, invalid, and unenforceable. All that remains of Plaintiffs' claims against these defendants are their separate damage claims, the success of which depend on each plaintiff's individual circumstances. Plaintiffs' damages are personalized and disconnected from the damages other plaintiffs could recover. In other words, Plaintiffs would have to prove their claims and Defendants would have to litigate their defenses on an individualized basis. As a result, Rule 20's purpose of promoting judicial economy and trial convenience would not be served by allowing Plaintiffs to proceed against Defendants in this case. *See Estée Lauder Cosmetics Ltd. v. P'ships & Unincorporated Assocs Identified on Schedule A*, 334 F.R.D. 182, 189–90 (N.D. Ill.

3

2020) ("Rule 20(a)'s purpose of promoting judicial economy and trial convenience would not be served by allowing the number of defendants in this case because the ensuing discovery and variety of defenses could prove unwieldy for a single case." (citation omitted)).

As for the claims against the local government officials, Defendants assert that Plaintiffs improperly lumped together all of their claims against these defendants and have failed to allege any coordinated action between them or any right to relief that arises out of the same transaction or occurrence or series of transactions or occurrences. Plaintiffs, on the other hand, maintain that they have expressly alleged that Defendants acted in concert to violate Plaintiffs' federal constitutional rights. But "in concert" as used in the complaint appears to mean simply that some of the defendants consulted with each other before each governmental officer or agent promulgated the challenged orders. This is not enough to create joint or several liability. Each of the governmental entities are independent of each other, and the fact that various governmental officials consulted with each other before they issued local orders in response to the pandemic does not transform their independent actions into a single transaction or occurrence. In other words, the allegation that the defendants "acted in concert" is conclusory and is an insufficient basis to join separate and independent claims.

Beyond alleging that Defendants violated Plaintiffs' constitutional rights by imposing a variety of mandatory public health orders that use "verbatim language" or incorporate "Defendant Palm's invalid order" as well as taking other actions in response to the COVID-19 pandemic, Plaintiffs do not allege any other readily apparent connection between Defendants. Pls.' Br. at 3, Dkt. No. 4. "Most courts agree that, in general, 'simply committing the same type of violation in the same way does not link defendants together for the purposes of joinder.'" *Bose Corp. v. P'ships & Unincorporated Assocs. Identified on Schedule "A"*, 334 F.R.D. 511, 514 (N.D. Ill. 2020) (quoting *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 998 (D.C. Cir. 2014)); *see also*

4

*McDowell v. Morgan Stanley & Co., Inc.*, 645 F. Supp. 2d 690, 697 (N.D. Ill. 2009) ("One or more defendants' similar conduct, without anything more, does not rise to a sufficient level that would justify joining those defendants in a single action pursuant to Rule 20." (citations omitted)); *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012) (Rule 20 "requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts.").

Leaving aside the now invalidated Order 28, each plaintiff is subject to different orders implemented by different individuals on behalf of different governmental entities in different parts of the State in which presumably different rates of infection, population density, and other pertinent conditions exist. The issuance of each of the challenged orders was the result of a decision made by each of the responsible local officials, regardless of whether they sought or received counsel or advice from Secretary Palm or other State officials. Under these circumstances, Defendants' actions cannot be reasonably viewed as arising out of the same transaction or occurrence or raising common issues of law or fact.

In sum, the amended complaint violates Rules 18 and 20 of the Federal Rules of Civil Procedure. Plaintiffs' claims are largely separate and distinct, and none of the allegations contained in Plaintiffs' amended complaint link their claims to a single transaction or occurrence or series of transactions or occurrences giving rise to joint, several or alternative liability on the part of the named defendants. The factual and legal questions presented are based upon wholly separate acts of the defendants representing independent and separate governmental entities with respect to each plaintiff. Plaintiffs' claims have been improperly joined in this action. The question that remains is what action the court should take.

Although Rule 21 states "[m]isjoinder of parties is not a ground for dismissing an action," it does not say that misjoinder is not a ground for dismissing a complaint. Fed. R. Civ. P. 21; *see also Lovell*, 888 F.3d at 863 ("The proper remedy for violations of Rules 18 and 20 is severance

5

or dismissal without prejudice, not dismissal with prejudice."). The Rule provides: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." But as Defendants point out, for the court to exercise its discretion to drop parties and/or sever claims here "would require the court's resources and tax its independence to try and re-engineer the lawsuit in order to conform to the joinder rules by connecting the dots as to what specific defendants and plaintiffs should match up, for what claims based upon which alleged facts, and where venue should lie." Defs.' Br. in Supp. of Mot. to Dismiss, Dkt. No. 33, at 15. In the end, it is up to counsel for Plaintiffs to decide, subject to the Rules of Civil Procedure, what claims to bring on behalf of which Plaintiffs against which Defendants.

Accordingly, the motion to dismiss for improper joinder (Dkt. No. 32) is **GRANTED**. The complaint is **DISMISSED without prejudice**. Plaintiffs' motion for preliminary injunction (Dkt. No. 24), Defendant Peterson's motion to dismiss (Dkt. No. 37), and Defendants' motion for leave to file excess pages in support of their brief in opposition to Plaintiffs' motion for a preliminary injunction (Dkt. No. 41) are **DENIED as moot**. Plaintiffs will be allowed thirty days from the date of this order in which to file an amended complaint curing the defects noted herein. If no amended complaint is filed within the time allowed, the case will be dismissed without prejudice.

**SO ORDERED** at Green Bay, Wisconsin this 18th day of July, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
